USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-21-15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MGID, INC.,

          Plaintiff,

- against -

CLEAN INTERNET CHARITY FOUNDATION,

          Defendant.

REPORT AND
RECOMENDATION

13-CV-367 (PGG) (RLE)

**TO THE HONORABLE PAUL G. GARDEPHE, U.S.D.J.:**

## I.   INTRODUCTION

On January 16, 2013, Plaintiff MGID, Inc. ("MGID") commenced this action against Defendant Clean Internet Charity Foundation ("CICF"). (Doc. No. 1.) On August 29, 2014, the Honorable Paul G. Gardephe entered default judgment against CICF and referred the case to the undersigned for an inquest on attorneys' fees and costs. (Doc. Nos. 49, 51.) MGID seeks $416,918.17 in fees and costs: $391,208.17 paid to Pillsbury Winthrop Shaw Pittman, LLP ("Pillsbury"), its former counsel; and $25,710.00 paid to Eugenie A. Voitkevich, Esq. ("Voitkevich"), its current counsel. (Doc. Nos. 43, 44.) For the following reasons, I recommend that the Court award MGID **$402,425.82** in attorneys' fees and costs.

## II.   BACKGROUND

MGID is an internet audience development platform business that offers products and services to internet sites seeking to build and maintain their online presences. (Doc. No. 1.) In the Complaint, MGID alleges that Outbrain, Inc. ("Outbrain"), CICF, and Yaron Galai ("Galai") ran a "smear campaign" against it in violation of the Lanham Act, 15 U.S.C. § 1125(a), and New York General Business Law § 349. (*Id.*) MGID also asserts claims for libel, libel per se, trade

libel, and product disparagement. (*Id.*) On April 25, 2013, MGID voluntarily dismissed the action against Outbrain and Galai. (Doc. No. 26.) CICF, however, never answered the Complaint. On March 14, 2014, Judge Gardephe ordered CICF to show cause why default judgment should not be entered. (Doc. No. 36.) CICF did not respond, and on August 29, 2014, Judge Gardephe ordered default judgment for all causes of action, except trade libel and product disparagement. (Doc. No. 49.) Judge Gardephe granted in part, and denied in part, MGID's request for a permanent injunction, and denied MGID's request for damages as moot. (*Id.*) In addition, Judge Gardephe granted MGID's request for attorneys' fees and costs. (*Id.*) He then referred this matter to the undersigned for an inquest on attorneys' fees and costs. (Doc. No. 51.)

### III. DISCUSSION

#### A. Determination of Reasonable Attorneys' Fees and Costs

After default judgment, a court accepts factual allegations as true, except those relating to damages. *Cotton v. Slone*, 4 F.3d 176 (2d Cir. 1993). While a court usually conducts an inquest hearing to determine damages, a hearing is not necessary where extensive documentary evidence is available. Fed. R. Civ. P. 55(b)(2); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105 (2d Cir. 1997).

The party seeking attorneys' fees must submit records that enable the court to determine whether the fee is reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983); *Scott v. City of N.Y.*, 643 F.3d 56, 57 (2d Cir. 2011). The prevailing party should submit contemporaneous billing records documenting the date, hours expended, and nature of the work completed for each attorney. *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148, 1154 (2d Cir. 1983). Here, MGID has submitted sufficient documentary evidence to allow for a computation of reasonable attorneys' fees. (Doc. Nos. 59, 63.)

Based upon such documentation, and utilizing the "lodestar approach," a court multiplies the number of hours reasonably expended on the litigation by a rate that is reasonable for the attorneys involved to determine the estimated fee. *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (*citing Blanchard v. Bergerson*, 489 U.S. 87, 94 (1989)). Although there is a "strong presumption" that the lodestar is reasonable, the calculated amount may be adjusted, depending on such considerations as the novelty and difficulty of the issues concerned and the experience and ability of the attorney. *See Toys "R" Us, Inc. v. Abir*, 1999 WL 61817, at *1-2 (S.D.N.Y. Feb. 10, 1999).

In determining a reasonable hourly rate, a court should consider the rates for legal services "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (*quoting Blum v. Stevenson*, 465 U.S. 886, 896 n.11 (1984)). For purposes of determining the fee, the relevant community is the judicial district in which the trial court sits. *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 232 (2d Cir. 1987). In addition, a court may also rely on its own knowledge of hourly rates charged by private firms to determine what reasonable attorneys' fees are in the relevant community. *Miele v. New York State Teamsters Conf. Pens. & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987). Moreover, a "reasonable hourly rate is the rate a paying client would be willing to pay." *McDaniel v. County of Schnectady*, 595 F.3d 411, 414 (2d Cir. 2010).

**B. Pillsbury's Reasonable Attorneys' Fees and Costs**

Pillsbury represented MGID in this action from December 2012 until September 2013. (Doc. No. 44.) In his affirmation regarding attorneys' fees, Pillsbury Partner Kenneth Taber states that legal invoices for this period totaled $391,208.17. (*Id.*) The invoices attached to his

3

affirmation show that eleven Pillsbury employees worked on this matter, expending 533.05 hours and incurring $369,858.25 in fees. (*Id.*, Ex. A.)

Of the eleven individuals who worked on this matter, Plaintiff provided adequate information pertaining to only six individuals: John Davis, Eric Fishman, Amanda Freyre, Greg Lembrich, Kenneth Taber, and Danielle Vrabie. (Doc. No. 63.) Although Plaintiff submitted invoices for Pillsbury individuals named H. Allis, J.M. Lindfelt, T. Robinson, J.R. Tiffany II, and L.M. Williams, Plaintiff did not submit complete information regarding title, experience, and hourly rate for these individuals. By Order dated May 5, 2015, the Court warned, "Failure to provide information for these individuals may result in the Court not awarding fees for their time." (Doc. No. 64.) Because Plaintiff did not provide sufficient information related to these individuals, I recommend that the Court not award fees for their work.

The invoices reveal that Pillsbury conducted extensive research, spent many hours developing legal and tactical strategy, drafted and filed court submissions, engaged in discovery and motion practice, and successfully secured a preliminary injunction. (*Id.*) Pillsbury's invoices appear contemporaneous with the work performed because the billing entries are consecutive, and the invoices themselves are sequential. (*Id.*) The invoices are also sufficiently detailed as to the services provided, who provided them, and the hours allocated for their performance. (*Id.*) All of the billing entries, and their descriptions, appear directly and exclusively related to MGID's representation. (*Id.*) Further, the hours calculated appear reasonable when compared to the specific services provided, especially considering the complexity of the action as a whole. Therefore, I recommend that the Court find that the number of hours billed by Pillsbury is reasonable.

4

In the Southern District of New York ("SDNY"), a reasonable hourly fee for firm partners can be as high as $835 per hour. *In re Indymac Mortgage-Backed Sec. Litig.*, 2015 WL 1315147, at *4 (S.D.N.Y. Mar. 24, 2015) (finding hourly rates between $410 and $835 to be reasonable for partners in securities litigation); *Sub-Zero, Inc. v. Sub Zero N.Y. Refrigeration & Appliances Servs., Inc.*, 2014 WL 1303434, at *9 (S.D.N.Y. Apr. 1, 2014) (finding an hourly rate of $785 to be reasonable for a senior partner in Lanham Act litigation). Additionally, the SDNY has found that a reasonable hourly rate for an associate working on Lanham Act litigation can be $335. *Sprint Commc'n Co. L.P. v. Chong*, 2014 WL 6611484, at *7 (S.D.N.Y. Nov. 21, 2014).

Pillsbury lists varying hourly rates for partners, special counsel, and associates, along with each attorney's title, experience, and education. (Doc. No. 31.) Based on this information and the trends of the SDNY, I recommend that the Court find the Pillsbury hourly rates reasonable.

Based on these rates, the lodestar for each employee is as follows:

| Employee | Hours | Rate | Lodestar Total |
|---|---|---|---|
| John E. Davis (Special Counsel) | 0.65 | $725/Hour | $471.25 |
| Eric Fishman (Partner) | 97.75 | $775/Hour | $75,756.25 |
| Amanda Freyre (Associate) | 5.0 | $390/Hour | $1,950.00 |
| Greg T. Lembrich (Counsel) | 236.7 | $705/Hour | $166,873.50 |
| Kenneth W. Taber (Partner) | 40.7 | $930/Hour | $37,851.00 |
| Danielle Vrabie (Senior Associate) | 139.1 | $575/Hour | $79,982.50 |
| | | **TOTAL ATTORNEYS' FEES:** | **$362,884.50** |

(*See* Doc. Nos. 59, 63.)

The invoices document that the costs assessed by Pillsbury total $21,349.92, and reflect reproductions, courier services, research, document binding and processing, filing fees, travel

5

and transportation, working meals, and contracted professional services. (Doc. No. 44, Ex. A.) These costs appear to relate directly and exclusively to MGID's case. Therefore, I recommend that the Court find Pillsbury's stated costs to be reasonable.

For the above reasons, I recommend that the Court award MGID $362,884.50 in attorneys' fees and $21,349.92 in costs related to Pillsbury's representation.

## C. Voitkevich's Reasonable Attorneys' Fees and Costs

Voitkevich has represented MGID since August 2013. (Doc. No. 43.) In his affirmation, Voitkevich states that he charged MGID $25,710.00 in attorneys' fees. (*Id.*) The invoices attached to Voitkevich's submission reveal that he spent 85.7 hours working on this case, and his hourly rate was $300. (*Id.*, Ex. A.) This results in a lodestar of $25,710. (*Id.*)

The record shows that in representing MGID, Voitkevich engaged in communications with MGID's representative, drafted take-down letters, reviewed case history, conducted legal research, drafted and filed an order to show cause, and ultimately secured a default judgment against CICF. (*Id.*) Voitkevich's invoices are sufficiently detailed as to the types of services provided, and how many hours he allocated to their performance. (*Id.*) All of the billing entries appear to relate directly and exclusively to MGID's case. Further, the hours assessed appear reasonable when compared with the specific services provided, and considering the complexity of the action as a whole. Therefore, I recommend that the Court find that the number of hours expended by Voitkevich is reasonable.

Voitkevich's hourly rate of $300 is also reasonable considering counsel's level of experience, performance, and the complexity of the action. (*See* Doc. No. 59.) Voitkevich is a solo practitioner and therefore, the Court looks to rates charged by attorneys with comparable years of experience in the New York City market. *McDonald ex rel Prendergast v. Pension Plan*

6

*of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 98 n. 6 (2d Cir. 2006). The Court may further rely on its own knowledge of private firm hourly rates in the community and is not restricted to the hourly rate data submitted into evidence. *Miele v. New York State Teamsters Conference Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987). Considering Voitkevich's six years of legal experience, his hourly rate is in line with the rates in the community. (*See* Doc. No. 59.)

The invoices dated November 7, 2013, and April 11, 2014, reflect that Voitkevich offered MGID two discounts totaling $7,630.00. (Doc. No. 43, Ex. A.) While Voitkevich's usual hourly rate is reasonable, he charged MGID a lower rate, thereby reducing the attorneys' fees actually accrued by MGID in this case. Therefore, I recommend that this Court award MGID $18,080.00 in attorneys' fees related to Voitkevich's representation.

Voitkevich's costs in this matter were $111.40 and pertained exclusively to copying, mailings, and transportation directly related to this case. Therefore, I recommend that the Court find that Voitkevich's stated costs are reasonable.

The total amount of fees actually charged by Voitkevich, including the discounts, equals $18,080.00. In his affirmation, Voitkevich did not ask to recover his costs. (Doc. No. 43.) The Court, nonetheless, should factor in his costs in determining a reasonable award. Therefore, I recommend this Court award MGID $18,080.00 in attorneys' fees and $111.40 in costs related to Voitkevich's representation, totaling $18,191.40.

### IV. CONCLUSION

For the above reasons, I recommend that the Court award MGID **$402,425.82** in attorneys' fees and costs.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the Parties shall have fourteen (14) days after service of a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections will be filed with the Clerk of the Court and served to all adversaries, with extra copies delivered to the Honorable Paul G. Gardephe, 40 Foley Square, Room 2204, New York, NY 10007 and to the chambers of the undersigned, 500 Pearl Street, Room 1970, New York, NY 10007. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the U.S. Court of Appeals. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*).

**DATED: May 21, 2015**
**New York, New York**

                                                                Respectfully Submitted,

                                                                /s/ Ronald L. Ellis

                                                                **The Honorable Ronald L. Ellis**
                                                                **United States Magistrate Judge**