UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 31, 2016

MGID, INC.,

              Plaintiff,

v.

OUTBRAIN INC., CLEAN INTERNET
CHARITY FOUNDATION, AND YARON
GALAI,

              Defendants.

**ORDER**

13 Civ. 367 (PGG) (RLE)

PAUL G. GARDEPHE, U.S.D.J.:

On May 21, 2015, Magistrate Judge Ronald L. Ellis issued a Report and Recommendation ("R & R") recommending that Plaintiff be granted an award of $402,425.82 in attorneys' fees and costs as against Defendant Clean Internet Charity Foundation. (Dkt. No. 65) Having reviewed the R & R, this Court adopts Judge Ellis's R & R as set forth below.

## BACKGROUND

Plaintiff MGID, Inc. is an internet audience development platform business that "provides a means for partner websites to advertise products, services and website content, to obtain increased traffic, and generate increased revenues." (Cmplt. (Dkt. No. 1) ¶ 15) On January 16, 2013, MGID filed an action alleging that Defendants Outbrain, Inc., Clean Internet Charity Foundation ("CICF"), and Yaron Galai ran a "smear campaign" against it in violation of the Lanham Act, 15 U.S.C. § 1125(a), and New York General Business Law § 349. (Id. ¶¶ 70-78, 107-21) MGID's Complaint also asserts claims for libel, libel per se, trade libel and product disparagement. (Id. ¶¶ 79-106)

On April 25, 2013, Plaintiff voluntarily dismissed the action as against Defendants Outbrain and Galai. (Dkt. No. 26) Defendant CICF never answered the Complaint,

however, and on March 14, 2014, the Court ordered CICF to show cause why a default judgment should not be entered against it. (Dkt. No. 36) CICF did not respond to the order to show cause, and on August 29, 2014, the Court granted MGID a default judgement against CICF on all of its causes of action except for trade libel and product disparagement. (Dkt. No. 49) The Court also granted in part and denied in part MGID's request for a permanent injunction and denied MGID's request for damages as moot. (Id.) The Court subsequently granted MGID's request for attorneys' fees and costs, referring the matter to Magistrate Judge Ellis for an inquest. (Dkt. No. 51)

Under the Lanham Act, prevailing parties are entitled to seek attorneys' fees and costs only under exceptional circumstances. 15 U.S.C. § 1117(a). The Second Circuit has held that "the prerequisite to a finding that a case is sufficiently 'exceptional' to warrant an award of fees is that the infringement was 'willful' or in 'bad faith.'" Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 108-09 (2d Cir. 2012) (citing Patsy's Brand, Inc. v. I.O.B. Realty, Inc., 317 F.3d 209, 221 (2d Cir. 2003)). This Court previously found that CICF's infringement under the Lanham Act qualified as willful and in bad faith. (Dkt. No. 49 (citing Cmplt. (Dkt. No. 1) ¶ 76))

Plaintiff seeks a total of $416,918.17 in attorneys' fees and costs: $391,208.17 for fees billed by Pillsbury Winthrop Shaw Pittman, LLP ("Pillsbury"), its former counsel, and $25,710.00 for fees billed by Eugenie A. Voitkevich, its current counsel. (Dkt. Nos. 43-44)

On April 8, 2015, Judge Ellis issued an order directing Plaintiff to submit additional information as to each Pillsbury employee's title, experience, and hourly rate by April 14, 2015, because the initial invoices submitted, (see Dkt. No. 59), provided insufficient information for the court to conduct a thorough analysis into reasonable attorneys' fees and

costs. (Dkt. No. 60) Plaintiff submitted revised documents, (see Dkt. No. 63), but Judge Ellis concluded that the information provided was still insufficient as to certain Pillsbury employees. (Dkt. No. 64) Judge Ellis directed Plaintiff to file supplemental information as to these Pillbury employees by May 12, 2015, stating that a failure to do so could result in the court not awarding fees for those employees' time. (Id.) Plaintiff did not submit any additional information to the court.

On May 21, 2015, Judge Ellis issued his R & R recommending that this Court award MGID $402,425.82 in attorneys' fees and costs: $384,234.42 for representation by Pillsbury and $18,191.40 for representation by Voitkevich. (R & R (Dkt. No. 65) at 1, 6-7[1]) For the reasons discussed below, the Court adopts the R & R in its entirety.

## STANDARD OF REVIEW

The R & R was sent to the parties on May 21, 2015. (Dkt. No. 65) According to 28 U.S.C. § 636(b)(1)(C), "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations."[2] 28 U.S.C. § 636(b)(1)(C). "[A] party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1983)). This Court has received no objections to the R & R.

---

[1] The page numbers referenced in this opinion correspond to the page numbers designated by this District's Electronic Case Filing system.

[2] The R & R recites the requirement that parties must file objections within fourteen days of service, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, and the consequences of a failure to timely object. (R & R (Dkt. No. 65) at 8)

3

In evaluating a Magistrate Judge's R & R, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "For uncontested portions of the R & R, the court need only review the face of the record for clear error." Razo v. Astrue, No. 04 Civ. 1348 (PAC) (DF), 2008 WL 2971670, at *3 (S.D.N.Y. July 31, 2008) (citing Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). Because no objections were filed to the R&R, this Court has reviewed it for clear error.

## DISCUSSION

In his May 21, 2015 R & R, Judge Ellis recommends that this Court award MGID $402,425.82 in attorneys' fees and costs: $362,884.50 in attorneys' fees and $21,349.92 in costs related to Pillsbury's representation, and $18,080.00 in attorneys' fees and $111.40 in costs related to Voitkevich's representation. (R & R (Dkt. No. 65) at 1, 6-7)

This Court has reviewed Judge Ellis's well-reasoned R & R and is satisfied that "there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

### I. Determination of Reasonable Attorneys' Fees and Costs

As Judge Ellis fully explains in his R & R, "the party seeking attorneys' fees must submit records that enable the court to determine whether the [requested] fee is reasonable." (R & R (Dkt. No. 65) at 2 (citing Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983); Scott v. City of N.Y., 643 F.3d 56, 57 (2d Cir. 2011))) In assessing the reasonableness, Judge Ellis utilized the "lodestar approach" which instructs the court to multiply the number of hours reasonably expended on litigation by a reasonable rate for the attorneys involved. (Id. at 3 (citing Grant v.

4

Martinez, 973 F.2d 96, 99 (2d Cir. 1992))) The assessment for attorneys' fees thus requires determining what qualifies as reasonable hours as well as a reasonable rate.

In determining the reasonableness of the hours expended, Judge Ellis examined each invoice from counsel. (R & R (Dkt. No. 65) at 4, 6) He determined that the time charges appeared to be contemporaneous with the work performed, as evidenced by consecutive billing entries and sequential invoices. (Id. at 4) Judge Ellis also examined the details provided in the invoices, including the services provided, who provided those services, and how many hours were allocated to perform each of those services. (Id. at 4, 6) Finally, Judge Ellis considered whether the time charges appeared reasonable when compared to the specific services provided, keeping in mind the complexity of the action as a whole. (Id. at 4, 6)

In order to determine a reasonable rate, Judge Ellis applied the correct standard: the rates for legal services should be based on the rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." (Id. at 3 (citing Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (quoting Blum v. Stevenson, 465 U.S. 886, 896 n.11 (1984)))) The relevant community used in this inquiry is the judicial district in which the trial court sits. In re Agent Orange Prod. Liab. Litig., 818 F.2d 226, 232 (2d Cir. 1987). Judge Ellis thus correctly references current legal rates in the New York City market in making his recommendation. (R & R (Dkt. No. 65) at 5-6)

A. **Pillsbury's Fees and Costs**

Pillsbury represented Plaintiff from December 2012 until September 2013. ((Dkt. No. 44 ¶ 3) Pillsbury Partner Kenneth Taber states in his affirmation that the cost of legal services provided to Plaintiff amounts to $391,208.17. (Taber Aff. (Dkt. No. 44) ¶ 3) The invoices show that eleven Pillsbury employees worked on the matter. (Dkt. No. 59) Complete

5

information as to title, experience, and hourly rates was provided for only six of the eleven individuals, however. (Dkt. No. 64) Although Judge Ellis requested additional information concerning the remaining five Pillsbury employees, (see Dkt. No. 64), none was provided. Without information concerning an individual's title and experience, the court cannot identify a pool of attorneys in the relevant community with similar title and experience, and therefore cannot determine whether the requested rates are reasonable. Accordingly, this Court accepts Judge Ellis's recommendation that fees not be awarded for work performed by Pillsbury employees about whom adequate information was not provided. (R & R (Dkt. No. 65) at 4)

As to the remaining six Pillsbury employees, this Court agrees with Judge Ellis's recommendation to accept their billing rates as reasonable. (Id. at 5) As to the hours billed by these individuals, this Court also agrees with Judge Ellis's conclusion that: (1) the services provided, who provided them, and the hours allocated for those services are sufficiently detailed in the invoices; (2) the billing entries and their descriptions appear directly and exclusively related to representing Plaintiff in the instant action; and (3) the invoices appear to reflect time charges that are contemporaneous with the work performed. (Id. at 4) The Court agrees with Judge Ellis's recommendation that the number of hours billed by the six Pillsbury employees is reasonable. Accordingly, Plaintiff will be awarded $362,884.50 in attorneys' fees in connection with Pillsbury's representation.

Judge Ellis also assessed the alleged costs incurred during Pillsbury's representation of Plaintiff. (Id. at 5-6) Because these costs reflect "reproductions, courier services, research, document binding and processing, filing fees, travel and transportation, working meals, and contracted professional services," Judge Ellis properly concluded that they

are recoverable. (Id. at 5-6 (citing Dkt. No. 44, Ex. A)) Accordingly, the award of $21,349.92 in costs associated with Pillsbury's representation is appropriate.

In sum, this Court accepts Judge Ellis's recommendation that Plaintiff be awarded a total of $384,234.42 for attorneys' fees and costs related to Pillsbury's representation.

### B.     Voitkevich's Fees and Costs

Voitkevich began representing MGID in August 2013. (Voitkevich Aff. (Dkt. No. 43) at ¶ 3) Voitkevich states in his affirmation that he spent 85.7 hours in representing MGID in this action. At an hourly rate of $300, Voitkevich's fees amount to $25,710. (Dkt. No. 43)

Judge Ellis concluded that Voitkevich's invoices provided sufficient detail as to the services he provided, and that the time he spent performing each of these services was reasonable in light of the complexity of the action. (R & R (Dkt. No. 65) at 6) This Court accepts Judge Ellis's conclusions.

In reviewing Voitkevich's hourly rate, Judge Ellis considered his level of experience, performance, and the complexity of the action. (Id. at 6) Judge Ellis compared Voitkevich to other solo practitioners in the New York City legal market with six years of experience. (Id. at 6-7 (citing McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 98 n.6 (2d Cir. 2006))) A court is permitted to rely on its own knowledge of private firm rates in the relevant community and is not restricted to awarding attorneys' fees based on the hourly rate that the requesting party submits into evidence. Miele v. N.Y. State Teamsters Conference Pension & Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987). Relying on his comparison to other solo practitioners and his own knowledge of the legal market, Judge Ellis properly concluded that Voitkevich's hourly rate of $300 is appropriate.

Under the lodestar approach, the 85.7 hours of work performed is multiplied by the hourly rate of $300. This calculation yields an amount of $25,710.00. Judge Ellis notes, however, that the invoices from Voitkevich to MGID dated November 7, 2013 and April 11, 2014 show that Voitkevich offered a discount of $7,630.00 for his services. (R & R (Dkt. No. 65) at 7 (citing Voitkevich Aff. (Dkt. No. 43) at Ex. A)) Judge Ellis found that the effect of this discount was to reduce the amount of attorneys' fees actually incurred by Plaintiff. (Id. at 7) This Court agrees with that conclusion, and accepts Judge Ellis' recommendation that Plaintiff be awarded $18,080.00 in attorneys' fees for the representation provided by Voitkevich.

Judge Ellis reports that Voitkevich's invoices refer to $111.40 in costs related to his representation of MGID in this action. (Id. at 7) Because Voitkevich's costs are included in the contemporaneous time records submitted to Judge Ellis, Judge Ellis concluded that including those costs would result in a reasonable award. (R & R at 7) This Court agrees.

"To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). This Court finds no clear error. Accordingly, this Court accepts Judge Ellis's recommendation that Plaintiff be awarded $18,080.00 in attorneys' fees and $111.40 in costs associated with Voitkevich's representation in this matter.

## **CONCLUSION**

Having conducted a review of the R & R, the Court finds that the Report is not clearly erroneous and, in fact, is in conformity with the law. Accordingly, this Court adopts Judge Ellis's May 21, 2015 Report and Recommendation (Dkt. No. 65) in its entirety. Defendant Clean Internet Charity Foundation is directed to pay Plaintiff $402,425.82 in attorneys' fees and costs. The Clerk of the Court will enter judgment and close this case.

Dated:    New York, New York          SO ORDERED.
         March 31, 2016

_____
Paul G. Gardephe
United States District Judge